**Opinion issued June 25, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00759-CR

————————————

**DEREK MICHAEL CLARK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1392801**

---

## MEMORANDUM OPINION

Appellant, Michael Derek Clark, pleaded guilty to the felony offense of possession with intent to deliver a controlled substance (cocaine) weighing more than 4 grams and less than 200 grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) & (d) (West 2010). The trial court found appellant guilty and, in

accordance with the terms of appellant's plea bargain agreement with the State, sentenced appellant to five years' confinement. Appellant, acting pro se, filed a notice of appeal. We dismiss the appeal.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. Art 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification included in the record on appeal states that this is a plea bargain case and that the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See* *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).